UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BERNARD BARNETT, : CIVIL ACTION NO. 3:CV-13-2330
:
    Petitioner : (Judge Nealon)
:
v. :
:
UNITED STATES OF AMERICA, et al., :
:
    Respondents :

## MEMORANDUM

Petitioner, Bernard Barnett, an inmate currently confined in the Canaan United States Penitentiary, Waymart Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges a conviction and sentence imposed by the United States District Court for the Southern District of New York. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

## Procedural Background

In 1991, the Government filed Indictment 90 CR 913 in the Southern District of New York, charging Barnett, and other co-defendants, with 19 counts of narcotics and firearms violations. United States v. Roberts, et al., Criminal Action No. 1:90-cr-00913-LAP-6 (U.S. D.C. S.D. N.Y. (Foley Square) December 29, 1992).

On December 6, 1991, a jury found Barnett guilty on counts 1 and 3-7, consisting of violations of 21 U.S.C. §§ 812, 841(a)(1), 841(B)(1)(A)-(C), and 18 U.S.C. § 2. Id.

On August 13, 1992, Barnett was sentenced to a term of life imprisonment. Id.

In 1993, the Court of Appeals affirmed Barnett's conviction by summary order. See United States v. Roberts, 9 F.3d 1537 (2d Cir. 1993) (unpublished table decision).

Thereafter, Barnett began filing a series of collateral attacks against his conviction in various district and circuit courts, almost all of which were rejected. See United States v. Barnett, No. 90 Cr. 913, 2001 WL 883119, at *1 & n.2 (S.D.N.Y. Aug. 3, 2001). Barnett filed nineteen (19) successive motions for resentencing pursuant to 28 U.S.C. § 2255 that the Second Circuit summarily denied by mandate. Id.

On October 4, 2006, the United States Court of Appeals for the Second Circuit entered an order enjoining Barnett from "filing any further motions, petitions, or other papers in this Court, unless leave of the court has first been obtained to file such papers." Barnett v. United States, No. 06-1702 (2nd Cir. Oct. 4, 2006).

On April 30, 2010, Barnett filed his most recent petition for leave to file a second or successive motion to vacate under 28 U.S.C. § 2255. See Barnett v. U.S., No. 10-1627 (2nd Cir. 2010). By Order dated May 18, 2010, Barnett's petition to file a second or successive petition was denied. Id.

On June 4, 2010, Barnett filed Barnett v. Holt, Civil No. 3:CV-10-1195 (M.D. Pa. June 4, 2010), pursuant to 28 U.S.C. § 2241, in which he raised various issues challenging his conviction and sentence. By Order dated June 11, 2010, the petition was dismissed for lack of jurisdiction. Id.

On June 1, 2011, Petitioner filed a second petition for writ of habeas corpus, pursuant to 28 U.S.C.§ 2241, in this Court, in which he once again challenged his conviction and sentence. See Barnett v. Holt, Civil No. 3:CV-11-1053 (M.D. Pa. June 1, 2011). By Order dated June 3, 2011, the petition was dismissed for lack of jurisdiction. Id. On June 17, 2011, Petitioner filed a notice of appeal to the United States Court of Appeals for the Third Circuit. Id. By Order dated September 21, 2011, the Court of Appeals affirmed this Court's dismissal. Id.

On January 25, 2013, Petitioner filed a third petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking, inter alia, to "allow [Petitioner] to resort to §2241 as § 2255 is shown to be 'ineffective'." See Barnett v. Ebbert, Civil No. 3:CV-13-0192 (M.D. Pa. January 25, 2013). By Order dated February 15, 2013, the petition was dismissed for lack of jurisdiction. Id. On February 26, 2013, Petitioner filed a notice of appeal to the United States Court of Appeals for the Third Circuit. Id. By Order dated July 29, 2013, the Court of Appeals affirmed this Court's dismissal. Id.

On September 6, 2013, Barnett filed the instant petition for writ of habeas corpus, pursuant to 28 U.S.C.§ 2241, Petitioner's fourth petition, in which he once again challenges his conviction and sentence. (Doc. 1, petition). He relies on the recent United States Supreme Court case Alleyne v. United States, ⎯⎯ U.S. ⎯⎯, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), to support his petition. Id.

## DISCUSSION

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself...." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

Section 2241 of Title 28 of the United States Code provides that the writ of habeas corpus shall not extend to a prisoner unless he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Nevertheless, a challenge to the validity of a federal conviction or sentence must generally be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's

-4-

federal sentence under § 2241 unless the remedy by motion under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan–Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) ( per curiam ); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

Section 2255 is "not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." Cradle, 290 F.3d at 539. Rather, a § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251). For example, in Dorsainvil, the Third Circuit Court of Appeals held that § 2255 was inadequate or ineffective for Dorsainvil's claim that he was imprisoned for conduct that the Supreme Court ruled in Bailey v. United States, 516 U.S. 137 (1995), was not a crime, where the Supreme Court issued Bailey after Dorsainvil's § 2255 motion was denied on the merits, and after the Third Circuit determined that Dorsainvil could not meet either of the gatekeeping requirements under 28 U.S.C. § 2255(h) to authorize the filing of a second or successive § 2255 motion. The Circuit Court reasoned that "[a] Supreme Court decision

interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Dorsainvil, 119 F.3d at 250

Barnett's claim, that the sentencing court violated the Sixth Amendment, as interpreted in Alleyne, by failing to submit a fact that increased Barnett's mandatory minimum sentence to a jury, is within the scope of claims cognizable under § 2255. Accordingly, this Court lacks jurisdiction to entertain his claim under § 2241 unless Barnett shows that § 2255 is an inadequate or ineffective remedy. See 28 U.S.C. § 2255(e). Section 2255 is not inadequate or ineffective for this claim because Barnett does not contend that, as a result of Alleyne (or another Supreme Court ruling subsequent to his § 2255 motion), the conduct for which Barnett was convicted, conspiracy to distribute heroin and cocaine, became non-criminal. See Okereke, 307 F.3d at 120 (holding that § 2255 is inadequate or ineffective only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application."); Dorsainvil, 119 F.3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent"), quoting Davis v. United States, 417 U.S. 333, 346 (1974). Moreover, Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Supreme

-6-

Court held that a defendant has a right under the Sixth Amendment to a jury finding beyond a reasonable doubt of all facts that increase the sentence beyond the statutory maximum. Alleyne applied Apprendi to facts that increase the mandatory minimum sentence, and the Third Circuit Court of Appeals held in Okereke that a district court lacks jurisdiction to entertain an Apprendi claim under § 2241. Just as in Okereke, it follows that this Court lacks jurisdiction to entertain an Alleyne claim under § 2241. Indeed, the Third Circuit Court of Appeals so held in Jackman v. Shartle, —— F.App'x ——, 2013 WL 4419333 (3d Cir. Aug. 20, 2013) (finding that "because we have held that Apprendi claims must be brought pursuant to § 2255, not § 2241, see Okereke, 307 F.3d at 120–21, it follows that Alleyne claims must be brought pursuant to § 2255 as well"). Thus, the Court will dismiss Barnett's § 2241 petition because he has not shown that § 2255 is an inadequate or ineffective remedy for his challenge to his sentence. Id.

A separate Order will be issued.

Dated: October 18, 2013

_____
United States District Judge